IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **GEOVERA SPECIALTY INSURANCE COMPANY,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**RICHARD G. BONDS;** )<br>**ZEYNEP BONDS; and MARCIA** )<br>**SHEDECK, as Administrator ad litem of** )<br>**the Estate of LEE ANTHONY THORNTON,** )<br>)<br>**Defendants** ) | **CIVIL ACTION NO. 14-376-KD-B** |

## ORDER

This action is before the Court on the motion for summary judgment filed by Plaintiff GeoVera Specialty Insurance Company ("GeoVera") and supporting documents. (Docs. 22-25). The Defendants have filed no response, and the time to do so has passed. Upon consideration and for the reasons set forth herein, GeoVera's motion for summary judgment is **GRANTED.**

**I.     Procedural History**

GeoVera commenced this action on August 14, 2014, by filing a Complaint seeking a declaratory judgment pursuant to 28 U.S.C §2201. (Doc. 1). The Complaint alleged the following background facts:

> 6.   GeoVera issued a homeowners insurance policy to Defendants Richard G. Bonds and Zeynep Bonds (Exhibit A), bearing policy number GC70005082 for the policy period of June 28, 2011 to June 28, 2012. The property is located at 17823 State Highway 18, Fairhope, Alabama. The policy was delivered to that address. The policy has a limit of liability for personal liability in the amount of $300,000.
>
> 7.   A notice of renewal of that policy dated June 8, 2012 for a proposed policy period of June 28, 2012 to June 28, 2013 was sent to Richard Bonds and Zeynep Bonds. That notice stated that the premium must be received by GeoVera by June 28, 2012. (Exhibit B).

8. A Cancellation of Insurance was issued to Richard G. Bonds and Zeynep Bonds on July 2, 2012, cancelling their policy effective June 28, 2012, due to non-payment of premium (Exhibit C).

9. On or about July 9, 2012, GeoVera received a call from Michelle Gravatt on behalf of the Richard G. Bonds and Zeynep Bonds advising that on July 1, 2012, there had been an accident involving an injury sustained by a third-party while diving into the Bonds' pool.

10. Ms. Gravatt was advised at that time that there was no coverage for that claim as there was no policy in effect on July 1, 2012 as the previous policy had been cancelled.

11. A premium payment was subsequently paid by the Bond Defendants' mortgage company, Nationstar Mortgage on July 12, 2012. GeoVera then issued a new policy number GC200006863 with effective dates of July 10, 2012 to July 10, 2013 (Exhibit D).

12. On June 30, 2014, Marcia Shedeck, as Administrator ad litem for the Estate of Lee Anthony Thornton, filed suit in the Circuit Court of Baldwin County, Alabama against Richard Glenn Bonds and Zeynep Bonds (Exhibit E). The complaint alleges that "[o]n or about July 1, 2012, Lee A. Thornton was an invitee on the premises owned or controlled by the Defendants located at 17823 State Highway 18, Fairhope, Alabama. On or about that date and place, while on and around the Defendant's swimming pool area, Lee A. Thornton suffered serious injuries which caused his death."[1]

13. The Bonds tendered the Complaint to GeoVera for defense and indemnity.

14. On July 14, 2014, GeoVera sent the Bonds a reservation of rights letter wherein it agreed to provide a defense but reserved its right to deny indemnity on the grounds that there was not a policy in effect at the time of the alleged injury (Exhibit F).

(Doc. 1 at 2-3, ¶¶ 6-14).

The Complaint seeks a declaratory judgment from the Court "finding that GeoVera Specialty Insurance Company owes no duty of defense or indemnity to Richard G. Bonds and Zeynep Bonds, for the matters or claims alleged in the matter of *Marcia Shedeck, as Administrator ad litem of the Estate of Lee Anthony Thornton v. Richard G. Bonds and Zeynep*

---

[1] For purposes of clarity, the Court refers to the state court action as "the underlying complaint."

*Bonds*." (Doc. 1 at 4). On September 9, 2014, Shedeck answered the Complaint. The Bonds answered on September 11, 2014. On April 6, 2015, GeoVera timely filed the present motion for summary judgment (Doc. 22).

**II.    Analysis**

    **A.    Jurisdiction and Venue**

This Court has jurisdiction pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 and diversity jurisdiction pursuant to 28 U.S.C. § 1332. Venue is proper because the events giving rise to this action occurred in the Southern District of Alabama. 28 U.S.C. § 1391(b)(2) ("A civil action may be brought in—a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated[.]")

    **B.    Choice of Law**

The substantive law of the State of Alabama applies to this diversity action. *Manuel v. Convergys Corp.,* 430 F.3d 1132, 1139 (11th Cir. 2005) ("[A] federal court sitting in diversity will apply the choice of law rules for the state in which it sits.") (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.,* 313 U.S. 487, 496 (1941)). The parties do not dispute that the insurance contract was made in Alabama or that Alabama was the site of the conduct giving rise to underlying complaint. *See Colonial Life & Accident Ins. Co. v. Hartford Fire Ins. Co.,* 358 F.3d 1306, 1308 (11th Cir.2004)("The doctrine [of *lex loci contractus* ] states that a contract is governed by the laws of the state where it is made except where the parties have legally contracted with reference to the laws of another jurisdiction.") (citing *Cherry, Bekaert & Holland v. Brown,* 582 So.2d 502, 506 (Ala. 1991)) (internal quotations omitted); *Cincinnati Ins. Co. v. Girod,* 570 So.2d 595, 597 (Ala. 1990) ("Because this dispute involves an interpretation of an insurance policy issued in

the State of Alabama, under Alabama's conflicts of law rule the trial court would be obligated to apply the substantive law of Alabama ...").

     **C.**     **Summary Judgment Standard**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). Rule 56(c) provides as follows:

> *(1) Supporting Factual Positions.* A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
>     **(A)** citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
>     **(B)** showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.
>
> *(2) Objection That a Fact Is Not Supported by Admissible Evidence.* A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.
>
> *(3) Materials Not Cited.* The court need consider only the cited materials, but it may consider other materials in the record.
>
> *(4) Affidavits or Declarations.* An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

Fed. R. Civ. P. Rule 56(c). The party seeking summary judgment bears the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991) (quoting *Celotex Corp. v.*

4

*Catrett*, 477 U.S. 317, 323 (1986)). If the nonmoving party fails to make "a sufficient showing on an essential element of her case with respect to which she has the burden of proof," the moving party is entitled to summary judgment. *Celotex*, 477 U.S. at 323. "In reviewing whether the nonmoving party has met its burden, the court must stop short of weighing the evidence and making credibility determinations of the truth of the matter … the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Tipton v. Bergrohr GMBH-Siegen*, 965 F.2d 994, 998-999 (11th Cir. 1992).

Here, the Defendants failed to respond to GeoVera's motion for summary judgment. Local Rule 7.2(b) for the Southern District of Alabama requires a party responding to a Rule 56 motion to specify the disputed facts, if any, and that failure to do so will be interpreted as an admission that there is no material factual dispute:

> Within thirty (30) days…[of the filing of a motion for summary judgment] or as may be otherwise ordered, the party or parties in opposition shall file a brief in opposition thereto, and, if it is contended that there are material factual disputes, shall point out the disputed facts appropriately referenced to the supporting document or documents filed in the action. Failure to do so will be considered an admission that no material factual dispute exists; provided, that nothing in this rule shall be construed to require the non-movant to respond in actions where the movant has not borne its burden of establishing that there is no dispute as to any material fact.

S.D. Ala. L.R. 7.2(b). If a non-movant fails to respond to a motion for summary judgment and point out disputed facts, its "[f]ailure to do so will be considered an admission that no material factual dispute exists." L.R. 7.2(b). *See, e.g., Patton v. City of Hapeville, Ga.,* 162 F. App'x 895, 896 (11th Cir. 2006)[2] (providing that "the district court properly held that the defendants' statement of undisputed facts filed with their motion for summary judgment were admitted when Patton failed to respond to the statement of facts in accordance with the Federal Rules of Civil

---

[2] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2 (effective Aug. 1, 2012).

Procedure and the Local Rules [of the district court].").

However, the "mere failure of the non-moving party to create a factual dispute does not automatically authorize the entry of summary judgment for the moving party Rule 56 requires the moving party to demonstrate the absence of a genuine issue of fact." *Dixie Stevedores, Inc. v Marinic Maritime, Ltd.*, 778 F.2d 670, 673 (11th Cir. 1985). The Eleventh Circuit has held "[t]he district court cannot base the entry of summary judgment on the mere fact that the motion was unopposed but, rather, must consider the merits of the motion," and noted the provision in Fed. R. Civ. P. 56(e) that when "'the adverse party does not respond, summary judgment, if appropriate, shall be entered against the adverse party.'" *United States v. One Piece of Property, 5800 S.W. 4th Ave., Miami, Florida*, 363 F.3d 1099, 1101 (11th Cir. 2004)(emphasis in original); *see also Trustees of the Central Pension Fund of the Int'l Union of Operating Engineers and Participating Employers v. Wolf Crane Service, Inc.*, 374 F.3d 1035, 1040 (11th Cir. 2004) (vacating and remanding the district court's grant of summary judgment, in part, "[b]ecause summary judgment cannot be granted as a sanction for merely failing to file a response to a motion for summary judgment").

### D. GeoVera's Motion for Summary Judgment

GeoVera's motion "seeks a declaration from this Court that it owes no duty to defend or indemnify the Bonds for the allegations in the underlying complaint." (Doc. 22 at 6). In support, GeoVera has submitted the relevant insurance policy documents and correspondence. (Docs. 23-1 through 23-6).

The GeoVera insurance policy in effect from June 28, 2011 to June 28, 2012[3] (policy number GC70005082) states:

---

[3] The policy states: "If we offer to renew and you or your representative do not accept, this policy will automatically terminate at the end of the current policy period. Failure to pay the required renewal premium when due shall mean

> If a claim is made or suit is brought against an 'insured' for damages because of 'bodily injury' or 'property damage' caused by an 'occurrence' to which this coverage applies, we will:
>
> 1. Pay up to our limit of liability for the damages for which an 'insured' is legally liable. Damages include prejudgment interest awarded against an 'insured'; and
>
> 2. Provide a defense at our expense by counsel of our choice even if the suit is groundless, false or fraudulent. We may investigate and settle any claim or suit that we decide is appropriate. Our duty to settle or defend ends when our limit of liability for the 'occurrence' has been exhausted by payment of a judgment or settlement.

(Doc. 23-1 at 20). The policy defines "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions, which results, *during the policy period*, in: a. 'Bodily injury'; or b. 'Property damage.' (Doc. 23-1 at 31, emphasis added).

There is no dispute that the Bonds' GeoVera policy expired on July 28, 2012, that the events alleged in the underlying complaint took place on July 1, 2012, or that the subsequent GeoVera policy obtained by the Bonds (policy number GC200006863) went into effect on July 10, 2012. Neither the Bonds nor Administrator Shedeck have presented any evidence or argument to rebut these determinations. Thus, there was no "occurrence…during the policy period." (Doc. 23-1 at 31).

### 1. Duty to Defend

The above referenced GeoVera policy expired on June 28, 2012. There was no GeoVera coverage from June 29, 2012 to July 9, 2012. The next insurance policy the Bonds obtained from GeoVera went into effect July 10, 2012. The accident took place on July 1, 2012, which was during the 12 day gap in coverage. As the Alabama Supreme Court has held, "[g]eneral rules of

---

that you have not accepted our offer." (Doc. 23-1 at 32). As no payment was timely made, the policy terminated on June 28, 2012.

contract law govern an insurance contract. The court must enforce the insurance policy as written if the terms are unambiguous. Whether a provision of an insurance policy is ambiguous is a question of law." *Safeway Ins. Co. of Alabama v. Herrera*, 912 So. 2d 1140, 1143 (Ala. 2005) (internal citations omitted). Here, the policy language is unambiguous and it is undisputed that the accident did not take place during the policy period. Accordingly, as there was no GeoVera policy in place at the time of the events alleged in the underlying complaint, GeoVera owes no duty to defend.

      **2.**    **Indemnity**

The Court next turns to GeoVera's argument that it owes no duty to indemnify the Bonds. "[A]s recent Eleventh Circuit precedent confirms, a judicial determination of no duty to defend compels a finding of no duty to indemnify." *Essex Ins. Co. v. Foley*, 827 F. Supp. 2d 1326, 1331 (S.D. Ala. 2011)(*citing Trailer Bridge, Inc. v. Illinois Nat'l Ins. Co.,* 657 F.3d 1135, 1146 (11th Cir. 2011) ("[A] court's determination that the insurer has no duty to defend requires a finding that there is no duty to indemnify.")). As the Court has determined that GeoVera owes no duty to defend, it must conclude that GeoVera has no duty to indemnify the Bonds.

**IV.**    **Conclusion**

For the reasons discussed herein, Plaintiff's motion for summary judgment is **GRANTED** as follows: GeoVera has no duty to defend or indemnify the Bonds. A judgment consistent with this order will issue in a separate document.

**DONE** and **ORDERED** this the **11th** day of **June 2015**.

                                        **s / Kristi K. DuBose**
                                        **KRISTI K. DuBOSE**
                                        **UNITED STATES DISTRICT JUDGE**